13-2212 (L); 13-3527 (Con)
Xie v. Holder

BIA
Cheng, IJ
A087 646 761

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> ROSEMARY S. POOLER,
> DENNY CHIN,
> > *Circuit Judges.*

_____

YI DI XIE, AKA LIN XIE, AKA GUO
TIAN HUA,
> *Petitioner,*

> v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*[1]

13-2212(L);
13-3527(Con)

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Loretta E. Lynch is automatically substituted for Eric H. Holder, Jr.

FOR PETITIONER:        Doen Zheng, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; John S. Hogan, Senior
                       Litigation Counsel; Channah F.
                       Norman, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review in Dkt. No. 13-2212 (L) is DENIED and the petition for review in Dkt. No. 13-3527 (Con) is GRANTED.

Petitioner Yi Di Xie, a native and citizen of China, seeks review of a May 9, 2013 order of the BIA, affirming the September 30, 2011 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Yi Di Xie*, No. A087 646 761 (B.I.A. May 9, 2013), *aff'g* No. A087 646 761 (Immig. Ct. N.Y. City Sept. 30, 2011), and a September 11, 2013 decision of the BIA denying his timely motion to reopen, *In re Yi Di Xie*, No. A087 646 761 (B.I.A. Sept. 11, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

2

I.  Petition for Review in Dkt. No. 13-2212 (L)

Under the circumstances of this case, we review the decisions of both the IJ and the BIA.  *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).  Because Xie filed his application in 2010, the REAL ID Act applies in this case. *See* REAL ID Act of 2005, Div. B of Pub. L. No. 109-13, 119 Stat. 302, 303 (2005) (codified at 8 U.S.C. § 1158(b)(1)(B)(iii)); *Matter of S-B-*, 24 I. & N. Dec. 42, 45 (B.I.A. 2006).

A.  Credibility

For applications governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007).  "We defer therefore to an IJ's credibility determination unless, from the totality of the

3

circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.  Because "[d]emeanor is virtually always evaluated subjectively and intuitively," an IJ's assessment of an applicant's demeanor merits "great deference."  *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006).

Xie does not dispute that he appeared to provide hesitant and non-responsive answers to questions asked during his merits hearing, which was the sole basis for the adverse credibility determination.  He instead contends that the credibility determination was erroneous because his hesitant and non-responsive demeanor resulted from the translation errors identified in his subsequently filed motion to reopen.  However, Xie did not exhaust these translation error arguments or provide his corrected transcript on direct appeal to the BIA.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir. 2007) (recognizing that issue exhaustion is a mandatory, although not jurisdictional, requirement).  In light of Xie's failure to specifically identify any translation errors, or meaningfully contest the IJ's demeanor finding, on direct

4

appeal, it cannot be said "that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

B.   Corroboration

For applications governed by the REAL ID Act, "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." *See* 8 U.S.C. § 1158(b)(1)(B)(ii).  "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011) (quoting 8 U.S.C. § 1158(b)(1)(B)(ii)).  "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . [unless] a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."  8 U.S.C. § 1252(b)(4).

5

Contrary to Xie's assertions, the agency did not err in finding that he failed to sufficiently corroborate his claims. Although Xie argues that he offered sufficient evidence to corroborate his past harm in China, the agency's corroboration finding was based on Xie's failure to offer reasonably available evidence to corroborate his religious practice in the United States. Xie contends that the agency erred in finding that a statement from his sister could corroborate his current religious practice; however, as the IJ observed, Xie testified that he found his U.S. church through his sister's friend, that his sister was aware of his U.S. church attendance, and that he calls his sister every Sunday after going to church. Xie's unsupported assertion that it was not clear that there was anyone from his church available to testify about his attendance, is insufficient to compel a reasonable fact-finder to conclude "that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4). Moreover, Xie's assertion that his U.S. pastors were, in fact, available to testify, is not supported by the record. The agency therefore did not err in finding that Xie failed to sufficiently corroborate his claims. *See Yan Juan Chen*, 658 F.3d at 252; 8 U.S.C. § 1158(b)(1)(B)(ii).

6

II.  Petition for Review in Dkt. No. 13-3527 (Con)

We review the BIA's denial of a motion to reopen for abuse of discretion.  *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)).  "A motion to reopen proceedings shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  8 C.F.R. § 1003.2(c)(1) (2015).  Failure to offer such evidence is therefore a proper ground on which the BIA may deny a motion to reopen, as is the movant's failure to establish "a prima facie case for the underlying substantive relief sought."  *INS v. Abudu*, 485 U.S. 94, 104-05 (1988).  However, the BIA has an obligation to consider the "record as a whole," and it may be an abuse of discretion to deny a motion to reopen without addressing "all the factors relevant to [a] petitioner's claim."  *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 97 (2d Cir. 2001).

The BIA abused its discretion in refusing to consider Xie's evidence of translation errors.  The BIA found that it had insufficient evidence to determine whether Xie's newly translated transcript was accurate because he submitted only a transcript and a certificate of translation signed by the

7

translator.  The BIA, however, cited no authority in support of this finding.  Although there is no specific regulation governing the re-translation of merits hearing testimony, the regulation governing the translation of foreign language documents requires "a certification signed by the translator that must be printed legibly or typed.  [The] certification must include a statement that the translator is competent to translate the document, and that the translation is true and accurate to the best of the translator's abilities."  8 C.F.R. § 1003.33.  Xie's translation certificate complied with these requirements.  The BIA therefore erred by declining to consider Xie's evidence of translation errors. *See Ke Zhen Zhao*, 265 F.3d at 97.

The BIA's refusal to evaluate Xie's evidence of translation errors is particularly troubling given that the IJ's concern with the adequacy of the interpreter is apparent on the record.  After numerous requests by the interpreter to repeat questions, the IJ asked why the interpreter was not taking notes and whether he was trained to do so.  When the interpreter asked the IJ to repeat his very next question, the IJ confirmed that everyone else in the room was able to hear him clearly.

8

Moreover, the BIA's reliance on the IJ's alternative corroboration finding does not obviate the need for remand. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008). After declining to consider Xie's evidence of translation errors, the BIA observed that the IJ found Xie had not provided reasonably available corroborative evidence, and concluded that Xie's new evidence of translation errors did not alter its decision to agree with the IJ. However, as noted above, the agency's corroboration finding extended only to Xie's religious activities in the United States—the agency did not find that Xie failed to sufficiently corroborate his past harm in China. Because an applicant may establish his eligibility for asylum solely on the basis of past persecution, 8 C.F.R. § 1208.13(b)(1), we cannot confidently predict that the agency would reach the same result absent the BIA's erroneous failure to consider Xie's evidence of translation errors. *See Shunfu Li*, 529 F.3d at 150. Remand is therefore required for the BIA to consider this evidence.

For the foregoing reasons, the petition for review in Dkt. No. 13-2212 (L) is DENIED and the petition for review in Dkt. No. 13-3527 (Con) is GRANTED. The case is remanded to the BIA for further proceedings consistent with this

9

order.  As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot.  Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk