Sun v. Garland

BIA
McCarthy, IJ
A206 050 851

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand twenty-three.

PRESENT:
REENA RAGGI,
JOSEPH F. BIANCO,
SARAH A. L. MERRIAM,
*Circuit Judges.*

_____

JIE SUN,
*Petitioner,*

v.                                                          **21-6210**
**NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Troy Nader Moslemi, Esq., Flushing, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Marie V. Robinson, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Jie Sun, a native and citizen of the People's Republic of China, seeks review of a decision of the BIA affirming the decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jie Sun*, No. A206 050 851 (B.I.A. Mar. 9, 2021), *aff'g* No. A206 050 851 (Immigr. Ct. N.Y. City Dec. 21, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we consider the IJ's decision as modified and supplemented by the BIA, and do not reach the IJ's corroboration finding, on which the BIA did not rely. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "[A]dministrative findings of fact are conclusive unless any reasonable

2

adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), mindful that such a determination can be based "on an asylum applicant's 'demeanor, candor, or responsiveness'; the 'inherent plausibility' of his account; the consistency among his written statements, oral statements, and other record evidence; and 'any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.'" *Id.* at 77 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Nevertheless, where "an IJ relies on erroneous bases to reach an adverse credibility determination, and we cannot confidently predict that the IJ would reach the same conclusion in the absence of these deficiencies, the IJ's adverse credibility determination cannot stand." *Id.* at 77 (internal quotation marks omitted).

The IJ determined that Sun was not credible and failed to sustain his burden to show that he suffered past persecution on account of his Christianity or likely future persecution upon removal based on his current practice of Christianity. In so ruling, the IJ primarily relied on his finding that Sun provided inconsistent

dates for three of the four important dates in his case: the date of his introduction to Christianity, the date of his baptism in China, and the date of his first detention. Sun, however, convincingly demonstrated that those inconsistencies, as well as an inconsistency related to the length of his detention, were a result of the mistranslation of his written statement from Mandarin to English. Indeed, Sun's Mandarin statement used numbers rather than characters to identify dates, and those numbers are consistent with the dates to which Sun testified and with his identification of inaccuracies in the English translation of the written statement. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 130 (2d Cir. 2007) (rejecting IJ's adverse credibility finding where court's "examination of the Arabic numerals" on untranslated Chinese document "reveals no apparent discrepancies that might warrant the IJ's [adverse] findings"), *abrogated in part on other grounds as recognized in Ud Din v. Garland*, 72 F.4th 411, 420 n.2 (2d Cir. 2023); *cf. Kumar v. Garland*, No. 20-1799, 2022 WL 10219690, at *1 (2d Cir. Oct. 18, 2022) (summary order) (rejecting argument that inconsistency involving relevant date resulted from translation errors where affidavit stated date "in Arabic numerals").

The IJ further erred in impugning Sun's credibility because Sun looked at the interpreter's notes during his hearing. The record shows that Sun did not

4

look at the notes before answering questions about dates, as the IJ suggested, but only after the IJ erroneously stated that Sun had provided three different dates for his baptism when he had only provided one (September 5, 2010). Finally, in rejecting Sun's submission of a corrected translation of his written statement on appeal, the BIA stated that Sun had not established which of the two translated statements was accurate. That reason was inadequate because, as discussed above, the first translation was erroneous on its face and the new translation submitted on appeal appears consistent with the numbers in Sun's Mandarin statement. *See Yi Di Xie v. Lynch*, 628 F. App'x 28, 31–32 (2d Cir. 2015) (summary order) (concluding that BIA erred by refusing to consider re-translated evidence where, as here, the re-translation complies with requirement that translator certify to accuracy of translation).

Given these problems with the inconsistency findings and the erroneous rejection of Sun's mistranslation argument, all that remains to support the adverse credibility determination is the IJ's finding that Sun (1) did not look him in the eyes "at times," and (2) struggled over basic questions, pausing for long periods before answering. Certified Admin. Record at 35. The last point, however, appears to reference Sun's answers relating to dates, about which the IJ erred rather than Sun.

5

On this record, we cannot determine whether the IJ would have found Sun not credible based only on his lack of eye contact. *See Singh v. Garland*, 6 F.4th 418, 427 (2d Cir. 2021) ("Where an IJ relies solely on erroneous bases in reaching an adverse credibility determination, or where the remaining non-disqualified bases are legally insufficient to satisfy the substantial evidence requirement, that finding cannot stand."); *cf. Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be . . . more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony."). Accordingly, we remand for the agency to reconsider its conclusion in light of a corrected translation of Sun's written statement.

Finally, we reject respondent's argument that Sun failed to challenge, before the BIA, the IJ's determination that he was ineligible for CAT relief. Petitioner's brief to the BIA noted that he had sought asylum, withholding of removal, and CAT protection, and argued that the IJ's adverse credibility finding—which underlay the IJ's denial of all three forms of relief—was erroneous. That was sufficient to challenge the denial of CAT relief. *See Rodriguez-Figueroa v. Garland*, No. 19-4233, 2023 WL 6173221, at *2 (2d Cir. Sept. 22, 2023) (summary order)

6

(remanding for consideration of CAT claim where "fair reading" of petitioner's brief to BIA encompassed challenge to denial of CAT relief).

For the foregoing reasons, the petition for review is GRANTED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court